**MITCHELL v. GREENOUGH et al.**

**No. 8874.**

Circuit Court of Appeals, Ninth Circuit.

Jan. 16, 1939.

For prior opinion, see 100 F.2d 184.

Before WILBUR, HANEY, and STEPHENS, Circuit Judges.

Walter B. Mitchell, of Spokane, Wash., for appellant.

Ralph E. Foley and A. O. Colburn, both of Spokane, Wash., for appellees Greenough, Foley, Martin, and American Surety Co. of New York.

Post, Russell, Davis & Paine, of Spokane, Wash., for appellees Paine and Webster.

Charles W. Gillespie, of Spokane, Wash., in pro. per.

Joseph McCarthy, of Spokane, Wash., for appellees LePage and Moe.

Williams & Redfield, of Spokane, Wash., for appellee Fidelity & Deposit Co. of Maryland.

WILBUR, Circuit Judge.

In his petition for rehearing the appellant contends for the first time that the controlling statute of limitations is sec. 159, par. 2 of Remington's Revised Statutes of Washington, which fixes a period of three years, and claims that his action is brought within that period. A party cannot on petition for a rehearing shift his position. Marion Steam Shovel Co. v. Bertino, 8 Cir., 82 F.2d 945; Moss v. Sherburne, 1 Cir., 11 F.2d 579; Bassick Mfg. Co. v. Adams Grease Gun Corp., 2 Cir., 54 F.2d 285.

In view of the fact that we adhere to our conclusion that the complaint does not state a cause of action it is unimportant whether the claim is barred.

Petition denied.