PARTENWEEDEREI, MS BELGRANO, and Rudolph A. Oetker, Appellants,

v.

George WEIGEL, Appellee.

BRADY–HAMILTON STEVEDORE

COMPANY, Appellant,

v.

PARTENWEEDEREI, MS BELGRANO, and Rudolph A. Oetker, Appellees.

No. 17178.

United States Court of Appeals Ninth Circuit.

Dec. 11, 1962.

Wood, Wood, Tatum, Mosser & Brooke, and Erskine B. Wood, Portland, Or., for appellants-appellees Partenweederei, MS Belgrano, and Rudolph A. Oetker.

Gray, Fredrickson & Heath, and Nathan J. Heath, Portland, Or., for appellant Brady-Hamilton Stevedore Co.

Pozzi, Levin & Wilson, and Philip A. Levin, Portland, Or., for appellee George Weigel.

Before JERTBERG, KOELSCH and DUNIWAY, Circuit Judges.

PER CURIAM.

Following our decision in this matter (Partenweederei, MS Belgrano v. Weigel, 299 F.2d 897, February 8, 1962), Shipowners petitioned for a rehearing, on the ground that they were entitled to judgment against Stevedore for indemnity for the expenses incurred, both here and in the District Court, in successfully defending the libel. We granted the petition for rehearing and thereafter vacated the portion of our judgment reversing the decree of indemnity, and the submission of the matter on rehearing, pending final disposition of libelant Weigel's petition to the Supreme Court for certiorari. (Partenweederei, MS Belgrano v. Weigel, 302 F.2d 730, May 21, 1962). The Supreme Court denied certiorari on October 8, 1962 (371 U.S. 830, 83 S.Ct. 49, 9 L.Ed.2d 67), and on November 13, 1962, 371 U.S. 906, 83 S.Ct. 205, 9 L.Ed.2d 168, denied a rehearing. We treat this denial as an affirmance within the meaning of paragraph 3 of our order of May 21, 1962, supra.

As is there stated, the question now before us is whether Stevedore must indemnify Shipowners for their costs of defending the action of Weigel against them in the trial court and in this court. "Costs" as here used means "expenses," not merely taxable costs.

Stevedore contends that the answer to the question is "no," for two reasons: (1) that such relief was never asked, and the question was never raised, until the filing of the petition for rehearing, and (2) that in any event, the expenses of a successful defense are not recoverable by the Shipowner under the implied warranty of workmanlike service to which Stevedore, by fiat of the Supreme Court, is subject.

(1) It is the fact that the relief which Shipowners now claim was never requested in the trial court or here, until the petition for rehearing was filed. They point to the "such other and further relief" language in the prayer of their petition impleading Stevedore, but the pre-trial order contains no claim for this relief; it states their position to be that they are entitled to indemnity "if * * * (Shipowners) herein should be held liable in this case to libelant."

Ordinarily, claims for relief or other new matter cannot be first asserted on petition for rehearing. Higa v. Transocean Airlines, 9 Cir., 1956, 230 F.2d 780, 786, petition for cert. dismissed, 1956, 352 U.S. 802, 77 S.Ct. 20, 1 L.Ed.2d 37; General Ins. Co. of America v. Pathfinder Petroleum Co., 9 Cir., 1944, 145 F.2d 368, 373, cert. denied, 1945, 324 U.S. 844, 65 S.Ct. 679, 89 L.Ed. 1406; Mitchell v. Greenough, 9 Cir., 1939, 100 F.2d 1006, cert. denied, 1939, 306 U.S. 659, 59 S.Ct. 788, 83 L.Ed. 1056. But there may be

exceptional cases. See Carter v. United States, 5 Cir., 1943, 135 F.2d 858, 864. The question is, is this such a case? We think not.

■■ It is sound policy to require that all claims be presented to the trial court, and not raised for the first time on appeal, nor, a fortiori, as herein, in a petition for rehearing on appeal. This requirement sets the scope of the lawsuit, thereby preventing piecemeal litigation and consequent waste of the time of both trial and appellate courts. It assures that the opposing party will know the claims he must meet. It gives the appellate court the benefit of the district court's wisdom, and it prevents a litigant from asserting before this Court a claim which he deliberately chose, for reasons of strategy, not to assert below. We find here no persuasive reason for making an exception.

(2) We therefore expressly refrain from deciding the question on the merits.

The "Final Decree (Re: Indemnity)," dated November 16, 1960, is reversed.