**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dwight Eugene SMITH, Defendant-Appellant.**

**No. 84–2360.**

United States Court of Appeals, Tenth Circuit.

Oct. 2, 1985.

---

Michael E. Joseph, Oklahoma City, Okl., for defendant-appellant.

William S. Price, U.S. Atty., and Ted A. Richardson, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before BARRETT, McWILLIAMS, and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.

App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Dwight Eugene Smith, an inmate at the Federal Correctional Institution in El Reno, Oklahoma, was charged with the possession of 13.72 grams of marijuana with an intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1981). A jury convicted Smith of the crime charged and he was sentenced to imprisonment for a term of eighteen months, with a special parole term of two years, to run consecutively to other sentences which he was then serving. Smith appeals his conviction and sentence.

As stated, Smith is an inmate at the federal penal institution in El Reno, Oklahoma. Dennis Beasley, an investigative supervisor at the penal institution, received information from a fellow employee, one Jim Moore, that Smith, on his next contact visit with his wife, might receive narcotics. Armed at the time with this information, and no more, so far as the record before us reveals, Beasley submitted to the warden at the institution a request that Smith be subjected to rectal search after Smith's next contact visit with his wife. The warden granted this request in writing. In the meantime, Beasley had contacted the visiting room and asked that he be notified when Smith's wife next came to visit him.

On the same day that Beasley obtained the authorization from the warden for a rectal search of Smith after his next contact visit with his wife, there was, in fact, a contact visit between the two. Immediately thereafter, Smith was taken by the authorities to the prison hospital where he underwent a rectal search performed by a physician's assistant. Smith refused to sign a written consent to the rectal search, but did state that he did not intend to physically resist the search. The ensuing search disclosed two vials or containers, approximately two and one-half to three inches long and one-half inch in diameter, which vials contained about fourteen grams of marijuana.

Prior to trial, appointed counsel for Smith moved to suppress, *inter alia*, the use at trial of the marijuana taken from Smith's rectal cavity, contending that such violated Smith's Fourth Amendment rights. The motion was denied. Subsequently, defendant's motion to reconsider was also denied. At trial, the marijuana taken from Smith's rectal cavity was offered, and received, into evidence. On appeal, Smith's initial, and primary, ground for reversal is that the trial court committed error in admitting into evidence the marijuana taken from Smith. Under the circumstances, we agree.

In the trial court, Smith's motion to suppress the use at trial of the marijuana taken from his rectum was based on Fourth Amendment rights. As stated, the trial court denied this motion, and later denied Smith's motion for reconsideration which sought an evidentiary hearing. In denying Smith's motions, the trial court noted that Smith was relying exclusively on the Fourth Amendment, and had not relied on 28 C.F.R. § 552.11 (1984), which authorizes a body cavity search of an inmate upon approval by the warden if the warden has a reasonable belief that the inmate is concealing contraband in or on his person. In this Court, Smith continued to rely on the Fourth Amendment, and the government, in its brief, also notes that Smith made no contention that the warden did not have reasonable belief that he (Smith) had contraband in or on his person.

Regardless of the posture of this appeal, we still believe our starting point is 28 C.F.R. § 552.11(c). That regulation, promulgated by the Bureau of Prisons, provides, in pertinent part, that a digital or simple instrument search of a body cavity of an inmate can only be conducted upon approval of the warden and only if the warden has "reasonable belief" that the inmate is concealing contraband in or on his person. Failure by the warden in the instant case to comply with the foregoing regulations, in our view, constitutes "plain error," Fed.R.Crim.P. 52(b), and is violative of due process.

Being of the view that we cannot ignore 28 C.F.R. § 552.11(c), we granted the par-

ties opportunity to file supplemental memoranda concerning the applicability of 28 C.F.R. § 552.11(c) to the present case, and, if applicable, whether the warden here had complied with the regulation. Both parties, in their supplemental memoranda, agree that the cited regulation does apply to the present controversy, but disagree on whether the warden complied with the regulation. In this regard, Smith argues that the warden did not have a "reasonable belief," that he, Smith, was concealing contraband on his person, and the government argues that, on the contrary, the warden did have such a reasonable belief. Our study of the record indicates that the warden here did *not* have a reasonable belief that Smith was concealing contraband in or on his person.

The undisputed facts are that one of Smith's fellow inmates in the Federal Correctional Institute at El Reno, Oklahoma, at about nine o'clock a.m. on the day of the search contacted a correctional counselor, Jim Moore, and told him that Smith, on his next visit with his wife, might be receiving contraband. Shortly thereafter, Moore relayed the tip to Dennis Beasley, a corrections supervisor, who immediately filed a written request with the warden that Smith be subjected to a digital body cavity search after his next contact visit with his wife. The warden signed this request, and the search was conducted late on the same day when Smith was visited by his wife, with the results already referred to.

There is nothing in the present record to indicate in any way whether the inmate who gave the tip which triggered the search here involved was reliable. For all we know, he was a complete unknown. Neither the corrections supervisor, Beasely, who requested the search, nor the warden who authorized the search, knew the identity of the tipster, much less his reliability, at the time the search was authorized. And Jim Moore, the correctional counselor who received the tip from Smith's fellow inmate, simply passed the tip on to his superior, and, so far as we can ascertain from the present record, did not in any manner vouch for the reliability of the informer, or the accuracy of the tip. Such being the state of the record, it would be rather difficult to find that the warden, in authorizing the digital search of Smith, was acting on a "reasonable belief" that Smith was concealing contraband on his person. Based on such a record, we can only conclude that the warden was *not* acting on a "reasonable belief," that he failed to comply with 28 C.F.R. § 552.11(c), and in so doing violated Smith's due process rights. *See, e.g. Morton v. Ruiz*, 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required.") Such fact, though apparently not raised in the district court, constitutes "plain error" which, on appeal, we cannot ignore. Fed.R.Crim.P. 52(b).

Our attention has not been drawn by counsel to any reported case involving facts identical to those of the instant one. For body cavity search cases which are somewhat akin to the instant case, *see United States v. Caldwell*, 750 F.2d 341 (5th Cir.1984) and *United States v. Lilly*, 576 F.2d 1240 (5th Cir.1978). *Caldwell* did involve a consideration of the regulation here involved, and the Fifth Circuit held, *inter alia*, that the warden there had complied with the regulation and accordingly did not violate due process rights. Specifically, in *Caldwell*, it was apparently agreed that the warden acted on the basis of a *reliable* informant. *Lilly* was not concerned with the present regulation, only with Fourth Amendment rights.

Judgment reversed.