**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dwight Eugene SMITH,
Defendant-Appellant.**

No. 84–2360.

United States Court of Appeals,
Tenth Circuit.

Jan. 14, 1986.

Michael E. Joseph, Oklahoma City, Okl., for defendant-appellant.

William S. Price, U.S. Atty., and Ted A. Richardson, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before BARRETT and McWILLIAMS, Circuit Judges.

## OPINION ON PETITION FOR REHEARING

McWILLIAMS, Circuit Judge.

In its Petition for Rehearing the government seeks to raise an issue which it had previously conceded. We decline to permit the government to so do, without prejudice, of course, to the end that the government may raise the particular issue in another case, but not in this case on Petition for Rehearing. Rule 40 of the Fed.R.App.P. was not promulgated, in the absence of demonstrable mistake, to permit reconsideration of the same matters, *United States v. Doe,* 455 F.2d 753, 762 (1st Cir.1972) (Aldrich, C.J., on rehearing), *vacated on other grounds sub nom, Gravel v. United States,* 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972), nor can a party shift his position on petition for rehearing. *Mitchell v. Greenough,* 100 F.2d 1006, 1006 (9th Cir.1939). To allow this request would permit "piecemeal review." *Long v. District of Columbia,* 469 F.2d 927, 936 (D.C.Cir. 1972) (Wilkey, J., on rehearing) (Despite several opportunities to do so, appellant did nothing to correct misunderstanding regarding statutory authority for federal jurisdiction until after circuit court issued opinion; therefore, appellant's request to amend decision denied, although opinion not to be taken as statement that district court was correct in transferring damages issue to Court of General Sessions.). *See also Cross Baking Co. v. N.L.R.B.,* 453 F.2d 1346, 1351 (1st Cir.1971).

Before the filing of our opinion, this Court, by order of June 26, 1985, directed each of the parties to file a typewritten memorandum setting forth his respective views concerning the applicability of 28 C.F.R. § 552.11 (1984) to the instant case,

and, if such be applicable, the effect of the regulation on the present proceeding. Both Smith, the appellant, and the government, then acting through the United States Attorney for the Western District of Oklahoma, agreed that the regulation above cited did apply to the present case, but differed as to whether the Warden had complied with the regulation. In this regard, the government argued that the Warden had "reasonable cause" to order the digital rectal search of Smith, and that, the regulation having been complied with, the validity of the search could not be contested, implying the marijuana taken in the search should not be suppressed. Despite our urging, the government made no comment as to the effect on this case had the warden not complied with the regulation, assuming its applicability. Smith's counsel argued that, to the contrary, the Warden did not have the necessary "reasonable cause," and the marijuana obtained in the digital search should be suppressed. The appeal was thus presented to us on that basis.

By our opinion, as filed on October 2, 1985, 774 F.2d 1005, we held that the Warden did not have "reasonable cause" to order the digital rectal search of Smith, and that the evidence obtained in such search should be suppressed.

On Petition for Rehearing, the government, now acting through the Department of Justice, seeks to change the position previously taken by the United States Attorney for the Western District of Oklahoma, and would like to argue that the regulation has *no* applicability or effect on the present proceeding. In other words, notwithstanding the position previously taken by the United States Attorney, the government now seeks to contend that it is immaterial whether the Warden conformed to the requirements of the regulation, and, if he did not comply, that such noncompliance is no ground for suppressing the use at trial of the objects taken in the digital search of Smith's rectal cavity. It is this belated and dramatic shift of position we decline to permit.

In our earlier opinion in this case, we did *not* address the question of whether the digital search of Smith's rectal cavity comported with the Fourth Amendment. Neither did we *hold* that the regulation had present applicability to the instant case. *The latter was conceded by the government.* Based on this concession and the absence of a position or authority to the contrary in the government's memorandum, the only conclusion to be reached after deciding that the warden had not complied with the regulation was that the evidence should be suppressed. Having lost on the only issue that was presented to us, the government cannot be permitted on petition for rehearing to shift position and present an issue which was previously conceded. It is on this basis that the petition for rehearing is denied.