George W. LEVOY, Plaintiff-Appellant,

v.

Richard MILLS, Herb Maschner, Dale R. Bohannon and Thomas Harvey, Defendants-Appellees.

No. 84–2027.

United States Court of Appeals, Tenth Circuit.

April 21, 1986.

George W. Levoy, pro se.

Brenda L. Hoyt, Deputy Atty. Gen., Topeka, Kan., for defendants-appellees.

Before McKAY and SETH, Circuit Judges, and BRIMMER, District Judge.[*]

[*] The Honorable Clarence A. Brimmer, Chief Judge, United States District Court for the Dis-

McKAY, Circuit Judge.

After examining the briefs and appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 10(e). The appeal is therefore ordered submitted without oral argument.

■ Mr. George Levoy, a prisoner at the Kansas State Penitentiary, brought this action under 42 U.S.C. § 1983 alleging that defendants violated his Fourth and Eighth Amendment rights when they subjected him to an anal body cavity search without probable cause or other justification. Mr. Levoy also alleged that defendants denied him due process and equal protection when they refused to house him in an outside dormitory. The district court dismissed the complaint as frivolous under 28 U.S.C. § 1915(d). Under this section, a complaint should be dismissed as frivolous only "if the plaintiff cannot make a rational argument on the law or the facts to support his claim." *Henriksen v. Bentley*, 644 F.2d 852, 854 (10th Cir.1981). Although the district court is not required to make findings of fact and conclusions of law when dismissing an action under 28 U.S.C. § 1915(d), the court should furnish a statement of reasons for finding the complaint to be frivolous. *Collins v. Hladky*, 603 F.2d 824, 825 (10th Cir.1979) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir.1979) (per curiam). Such a statement, if one exists, has not been transmitted to us as part of the appellate record.

The complaint alleges that, while Mr. Levoy was returning from the inmate activities area, the deputy director of the prison singled him out from ten other prisoners and asked him where he had been. When he told the deputy director where he had been, the complaint alleges, Mr. Levoy was taken to the prison infirmary and subjected to an anal body cavity search.

trict of Wyoming, sitting by designation.

The Supreme Court's opinion in *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), governs our analysis of this case. In *Wolfish*, the Court held that the practice of conducting routine body cavity searches of prisoners following contact visits with persons outside the prison was "reasonable" under the Fourth Amendment.** Whether a body cavity search is "reasonable" under the Fourth Amendment

> requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

*Id.* at 559, 99 S.Ct. at 1884.

It is an established Fourth Amendment principle that "the greater the intrusion, the greater must be the reason for conducting a search." *Blackburn v. Snow*, 771 F.2d 556, 565 (1st Cir.1985) (quoting *United States v. Afanador*, 567 F.2d 1325, 1328 (5th Cir.1978)). "[B]ody cavity searches are 'demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, repulsive, signifying degradation and submission.'" *Id.* at 564 (quoting *Marybeth G. v. City of Chicago*, 723 F.2d 1263, 1273 (7th Cir.1983)). "Against this intrusion, perhaps 'the greatest personal indignity' searching officials can visit upon an individual, *Bell v. Wolfish*, 441 U.S. 520, 594, 99 S.Ct. 1861, 1902–03, 60 L.Ed.2d 447 (1979) (Stevens, J., dissenting), we must balance the [prison's] 'paramount interest in institutional security.'" *Blackburn*, 771 F.2d at 564 (quoting *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3201, 82 L.Ed.2d 393 (1984)).

In *Hill v. Bogans*, 735 F.2d 391 (10th Cir.1984), we employed this balancing test and determined that a routine strip search of a detainee who briefly intermingled with the prison population following his arrest for a traffic violation violated the Fourth Amendment. In *United States v. Smith*, 774 F.2d 1005 (10th Cir.1985), we declined to reach the Fourth Amendment question when we held that the body cavity search in that case was not based on a "reasonable belief" that the prisoner was concealing contraband, as required by 28 C.F.R. § 552.11 (1984). Given the procedural posture of this case, it would be premature for us to formulate what standard of suspicion must exist before prison officials can conduct a body cavity search. For now, it suffices to say that the government must demonstrate a legitimate need to conduct such a search and that less intrusive measures would not satisfy that need. *United States v. Lilly*, 576 F.2d 1240, 1246 (5th Cir.1978) (requiring notice to prisoner that voluntary absences from prison could result in random body cavity searches).

Since the complaint alleges that Mr. Levoy was subjected to a body cavity search without any justification whatsoever, it is possible that Mr. Levoy can make a rational argument on the law and facts to support his Fourth Amendment claim. Accordingly, the district court's dismissal of the complaint under 28 U.S.C. § 1915(d) was error.

We agree with the district court that Mr. Levoy's Eighth Amendment claim is frivolous. Mr. Levoy does not allege that the body cavity search was conducted in an abusive fashion or with unnecessary force. We therefore reject his contention that the body cavity search constituted cruel and unusual punishment. *United States*

** In *Wolfish*, the Supreme Court assumed that prison inmates retain some measure of Fourth Amendment rights. *Id.* at 558, 99 S.Ct. at 1884. We do not believe that the Supreme Court's decision in *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), in which the Court held that a prisoner has no reasonable expectation of privacy in his prison cell, eviscer- ates the requirement set forth in *Wolfish* that personal body searches of inmates must be reasonable under the circumstances. *See Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3216 n. 31, 82 L.Ed.2d 393 (1984) (Stevens, J., dissenting); *Smith v. Montgomery County, Md.*, 607 F.Supp. 1303, 1306 (D.Md.1985).

*v. Caldwell,* 750 F.2d 341, 346 (5th Cir. 1984), *cert. denied,* — U.S. ——, 105 S.Ct. 1873, 85 L.Ed.2d 166 (1985).

Mr. Levoy's claim that defendants denied him due process and equal protection is also frivolous. The Constitution does not, in and of itself, create any protected liberty interest in a particular confinement status. *Parenti v. Ponte,* 727 F.2d 21, 23 (1st Cir.1984). Although the Supreme Court has recognized a potential source of a protected liberty interest in state law, *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983), Mr. Levoy has not alleged that state law affords him a right to be housed in an outside dormitory.

REVERSED AND REMANDED.

BRIMMER, Judge, dissenting:

I dissent. In my view, the trial court properly dismissed the complaint as frivolous under 28 U.S.C. § 1915(d).