842 F.2d 1290
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David FELTON, Plaintiff-Appellant,
v.
Nathan B. RICE, K.E. Parker, Lieutenant, Officer Marshall,
J.V. Fogg, Lieutenant, Defendants-Appellees.
 No. 87-6690.
 United States Court of Appeals, Fourth Circuit.
 March 16, 1988.
 
 David Felton, appellant pro se.
 Sylvia Hargett Thibaut, Office of the Attorney General, for appellees.
 Before CHAPMAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 David Felton, a black North Carolina inmate, has brought this action pursuant to 42 U.S.C. Sec. 1983 alleging that he was subjected to a body cavity search which violated his constitutional rights.
 
 
 2
 On March 4, 1987, prison officials noticed that a six foot piece of metal and a piece of fencing were missing from the prison's exercise yard. They immediately ordered an emergency shakedown of the second floor of the prison's maximum security wing. Felton was one of the prisoners searched during the shakedown. He alleges that defendant Marshall subjected him and one other inmate to a body cavity search even though there was no possibility that any of the items being sought could have been concealed in his body. Felton alleges that he and the other inmate, who was also black, were the only two prisoners subjected to a body cavity search. The district court granted the defendants' motion for summary judgment on the ground that the search was reasonable as a matter of law.
 
 
 3
 In Bell v. Wolfish, 441 U.S. 520, 558 (1979), the Supreme Court held that inmates may be subjected to body cavity searches even in the absence of probable cause so long as the searches were reasonable. The Court framed the test for reasonableness as follows,
 
 
 4
 In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it and the place in which it is conducted.
 
 
 5
 Bell, 441 U.S. at 559. In short, the defendants must show that the search was reasonable "under all the facts and circumstances." Thorne v. Jones, 765 F.2d 1270, 1276 (5th Cir.1985) (quoting United States v. Lilly, 576 F.2d 1240, 1246 (5th Cir.1978)), cert. denied, 475 U.S. 1016 (1986).
 
 
 6
 In this case, while the prison officials undoubtedly had every right to conduct a thorough search for the missing objects, we do not believe that the record clearly establishes that the intrusive body cavity search of Felton was necessary or reasonable under the circumstances. The record reflects that the prison officials were looking for two specific items, namely the bar of metal and the piece of fencing. In his affidavit, Marshall, who conducted the search of Felton, states that he was informed that he was to search for a three foot bar of metal. Nowhere in the record do the defendants assert that they suspected or feared other items may have been missing as well. Since the prison officials knew what they were looking for and since it seems impossible that Felton who stands 5'6"' could have hidden either of the missing objects in a body cavity, we cannot agree with the district court's conclusion that the body cavity search was reasonable as a matter of law.
 
 
 7
 It is certainly possible that the defendants could have established the reasonableness of the search, perhaps by indicating the size of the fencing, by providing evidence that the missing objects could have been broken down into smaller pieces or by demonstrating there was a reasonable suspicion that other objects may have been missing. However, no proof of this sort is contained in the record before us. The undisputed facts which are contained in the record do not establish that the search was reasonable and, hence, form an insufficient basis upon which to grant summary judgment.
 
 
 8
 In addition, the record contains a number of conflicts and unresolved questions which may have a material effect on the outcome of the case. Felton alleges that he was subjected to a body cavity search; however, Marshall contends he merely performed a "thorough strip search." Since the government must make a higher showing of necessity in order to conduct the more intrusive body cavity search, this conflict is significant. See Levoy v. Mills, 788 F.2d 1437, 1439 (10th Cir.1986). Similarly, assuming that Felton was subjected to a body cavity search, the record does not clearly indicate whether this search was visual or manual. The answer to this question is relevant to the issue of reasonableness. Bonitz v. Fair, 804 F.2d 164, 170 (1st Cir.1986). Finally, there is some dispute over whether Felton and the other inmate searched by Marshall were the only two inmates who were subjected to the body cavity search. The resolution of this issue would also be likely to affect the defendants' claims of reasonableness.
 
 
 9
 For the foregoing reasons, we conclude that summary judgment should not have been granted in favor of defendants Marshall and Parker on Felton's fourth amendment claim. Accordingly, we remand this portion of Felton's claim to the district court for further consideration. However, summary judgment on this claim was properly granted in favor of defendant Rice for the reasons stated in the magistrate's report. Finally, we affirm the judgment of the district court granting summary judgment in favor of the defendants on all Felton's remaining claims on the reasoning of the magistrate's report and the district court's order.
 
 
 10
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 11
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.