IN THE MATTER OF THE          )          APPEAL NO. 89-017
ESTATE OF:                    )          CIVIL NO. 87-295
                              )
MARIANA C. DELEON GUERRERO,   )          ORDER DENYING PETITION FOR
                              )          REHEARING
            Deceased.         )
_____)

VILLAGOMEZ, Associate Justice:

The Court's opinion in this appeal was issued on July 20, 1990. The appellant timely filed a petition for rehearing on August 3, 1990, pursuant to Rule 40(a), R.App.Proc.[1] The petition is based on two grounds:

---

[1] "A petition for re-hearing may be filed within 14 days after entry of judgment unless the time is shortened or enlarged by order. The petition shall state with particularity the points of law or fact which in the opinion of the petitioner the Court has overlooked or misapprehended and shall contain such argument in support of the petition as the petitioner desires to present. Oral argument in support of the petition will not be permitted. No answer to a petition for re-hearing will be received unless requested by the Court, but a petition for re-hearing will ordinarily not be granted in the absence of such a request. If a petition for re-hearing is granted the Court may make a final disposition of the cause without re-argument or may restore it to the calendar for re-argument or re-submission or may make such other orders as are deemed appropriate under the circumstances of the particular case."

1. That the court erred in its determination of a married woman's property rights under Chamorro customary law.

2. That the court in its determination of Chamorro customary law breached applicable Trust Territory Code provisions regarding equal protection and sex discrimination.

██ Under R.App.Proc. Rule 40, a petition for rehearing must state with <u>particularity</u> the points of law or fact which in the opinion of the petitioner the court has <u>overlooked</u> or <u>misapprehended</u>. The rule does not ordinarily allow the petitioner to raise the same issues and repeat the same arguments already heard and decided on appeal.[2] Nor does it allow the raising of new issues or contentions not formerly raised on appeal, except under extraordinary circumstances.[3] "[A] court of appeals generally will not consider claims raised for the first time in a petition for

---

[2] R.App.Proc. Rule 40 was patterned after Fed.R.App.Proc. Rule 40. "Rule 40 of the Fed.R.App.P. was not promulgated, <u>in the absence of demonstrable mistake</u>, to permit reconsideration of the same matters, nor can a party shift his position on petition for rehearing." <u>United States v. Smith</u>, 781 F.2d 184 (10th Cir. 1986) (emphasis added; citations omitted).

[3] According to the Ninth Circuit Court of Appeals:

"Courts of Appeals will ordinarily not consider for the first time on rehearing issues not presented by the parties in their briefs on appeal. <u>Partenwedeerei, MS Belgrano v. Weigel</u>, 313 F.2d 423, 425 (9th Cir. 1962). A case must involve extraordinary circumstances [to] justify our considering on petition for rehearing issues which were not previously presented. <u>United States v. Sutherland</u>, 428 F.2d 1152, 1158 (5th Cir. 1970) (citation omitted). <u>See also</u> <u>Moore v. United States</u>, 598 F.2d 439, 441-42 (5th Cir. 1979).

<u>Escobar Ruiz v. Immigration and Naturalization Service</u>, 813 F.2d 283, 285-86 (9th Cir. 1987).

rehearing." <u>Dean v. Dean</u>, 837 F.2d 1267, 1268 (5th Cir. 1988).

Upon review of the first ground for rehearing asserted in the petition, we conclude that it is a rehash of an issue and argument already raised and decided,[4] and that the petitioner did not support the request for rehearing on this ground by stating with particularity any point of law or fact which we overlooked or misapprehended. She merely disagrees with our opinion.[5] That does not constitute a basis for rehearing under R.App.Proc. Rule 40(a).

The second ground for rehearing presents an entirely new issue which could have, but was not, raised on appeal.[6] No extraordinary circumstance is shown to justify our consideration of this issue at this stage.

A petition for rehearing should not be made routinely or as a

---

[4] The Court's decision applies only to cases where a Chamorro wife predeceased her husband prior to the effective date of the probate code -- February 14, 1984. It does not necessarily apply to other circumstances, such as a divorce or the death of a married woman occuring after February 14, 1984. Petitioner insists that under the Court's decision, Mariana Guerrero's three children will not inherit from the marital assets. That interpretation is incorrect. Under Chamorro custom, as it existed in 1978, when Mariana died, the land vested in her husband. When he died, the land descended to the children. Here the children <u>did</u> inherit the land -- from their father.

[5] A petitioner should at least state that the Court overlooked or misapprehended a point of law or fact and then explain why this is so.

[6] Even if we were to rehear this appeal and consider petitioner's second ground, our decision would not be different. Discrimination of some sort, based on cultural traditions as evidenced in customary law, is not per se unconstitutional or otherwise unlawful unless it is shown to be unreasonable and irrational. No such showing was made in this case.

327

matter of course.  A party should carefully examine what point of fact or law, in his/her opinion, has been overlooked or misapprehended and clearly explain the basis of that opinion.

The petition for rehearing is DENIED.

Dated this 24th day of August, 1990.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
PEDRO M. ATALIG, Special Judge