**SIONA TOLEAFOA, Appellant**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee**

High Court of American Samoa
Appellate Division

AP No. 03-94

May 19, 1994

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, TAUANU`U, Chief Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Appellant, Aumoeualogo S. Soli, Assistant Public Defender
For Appellee, Fainu`ulelei L.F. Ala`ilima-Utu, Assistant Attorney General

Order on Motion for Reconsideration:

## PROCEDURAL HISTORY

Appellant was convicted in the District Court of Speeding (A.S.C.A. § 22.0323) and Driving Under the Influence of Alcohol or Other Drugs (A.S.C.A. § 22.0707) on January 12, 1994. His motion for new trial or reconsideration was denied on January 31, 1994. On April 14, 1994, the Appellate Division affirmed his conviction for driving under the influence and vacated the order staying the execution of sentence. Appellant filed his "Motion for Reconsideration" on April 25, 1994.

## DISCUSSION

A petition for rehearing "shall state with particularity the points of law or fact which in the opinion of the petitioner the court has overlooked or misapprehended and shall contain such argument in support of the petition." A.C.R. 40. Appellant's "Motion for Reconsideration" does not meet this standard. His memorandum cites no statute or case law which actually supports his arguments. Instead, he quotes the DUI and blood-alcohol level statutes and states that words should be "interpreted and understood in their ordinary sense."

Appellant essentially reargues the same matters raised on appeal. However, Rule 40 does not permit reconsideration of the same matters addressed in the original appeal "in the absence of demonstrable mistake." *United States v. Smith*, 781 F.2d 184, 184 (10th Cir. 1986) (citing *United States v. Doe*, 455 F.2d 753, 762 (1st Cir. 1972) (as modified), *vacated on other grounds sub nom. Gravel v. United States*, 408 U.S. 606 (1972)). By its very terminology, a motion for "reconsideration" involves arguments previously made and so is not permitted by Rule 40. *Doe*, 455 F.2d at 762.

Likewise, general allegations and bald-faced assertions do not provide the particularity which Rule 40 requires. Appellant's memorandum, including its rhetoric questioning "our sense of justice," fails to support a petition for rehearing.

Therefore, appellant's "Motion for Reconsideration" is denied.

It is so ordered.