**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 4 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RALPH DAVID SWEPSTON,

Plaintiff-Appellant,

v.

STEVE HARGETT; LT. WALKUP;
DR. JOHNSON; OFFICER
COPELAND, Correctional Officer;
OFFICER WELDMAN, Correctional
Officer; OFFICER LAMBERT,
Correctional Officer; OFFICER
SEXTON, Correctional Officer,

Defendants-Appellees.

No. 96-6188
(D.C. No. CIV-94-1404)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

[*]   This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff David Swepston appeals from a district court order granting summary judgment for defendants on all federal claims and dismissing without prejudice all supplemental state claims in this prison civil rights/tort suit. On de novo review, Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997), we affirm for substantially the reasons stated in the thorough and cogent order issued by the district court.

In contrast to his pluralistic pleadings below, plaintiff has limited this appeal to two claims, concerning the constitutionality of (1) a digital rectal search conducted during the investigation of a suspected escape attempt involving handcuff keys, one of which was found in plaintiff's cell, and (2) an extended five-point physical restraint imposed to recover an object plaintiff swallowed, contrary to a direct order, while he was strip-searched in connection with the escape investigation. The district court held, as a matter of law, that defendants' actions were constitutionally justified under the circumstances, and we agree. Recapitulating the district court's extensive discussion of the salient facts and controlling principles of law, unchallenged by plaintiff, would serve no useful purpose. Accordingly, we address only matters raised in plaintiff's fairly curt appellate brief.

Plaintiff argues that less intrusive measures were available to satisfy the security needs involved, particularly with respect to the five-point restraint.

However, he cites no evidentiary support for the efficacy of the alternative measures he speculatively proposes. "Unsubstantiated allegations carry no probative weight in summary judgment proceedings," Phillips v. Calhoun, 956 F.2d 949, 951 n.3 (10th Cir. 1992), and in the absence of specific evidentiary references, "we will not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury," Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1025 (10th Cir. 1992). Moreover, plaintiff cites no legal authority requiring use of the suggested alternative measures. In short, his position consists of an "unsupported, conclusory assertion," which "is not adequate appellate argument." Brownlee v. Lear Siegler Management Servs. Corp., 15 F.3d 976, 977 (10th Cir. 1994).

With respect to the rectal search, plaintiff contends that the circumstances did not present a legitimate justification for such action, citing Levoy v. Mills, 788 F.2d 1437, 1439 (10th Cir. 1986). In Levoy, this court held it was possible to state a Fourth Amendment claim based on an allegation that prison officials conducted "a body cavity search without any justification whatsoever." Id. The factual situation recounted by the district court in this case clearly supplied the justification wanting in Levoy, which is plainly inapposite.

Further discussion of particular points is not warranted. In essence, plaintiff urges this court to second-guess the practical judgment of prison officials

responding to a matter of internal security. We do not gainsay the significance of the events involved from plaintiff's perspective. Nevertheless, absent misconduct of constitutional dimension, not in evidence here, we must defer to the front-line expertise of those responsible for the safety and security of our prisons. See Mitchell v. Maynard, 80 F.3d 1433, 1443 (10th Cir. 1996).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.


        Entered for the Court


        Stephen H. Anderson
        Circuit Judge