**Gregory E. NIXON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 96–CF–760.**

District of Columbia Court of Appeals.

Sept. 2, 1999.

Andrew Phillip McGuire filed a petition for rehearing en banc for appellant.

Wilma A. Lewis, United States Attorney, and John R. Fisher, Thomas J. Tourish, Jr., and Kathleen Konopka, Assistant United States Attorneys, filed an opposition for appellee.

James Klein, Robert L. Wilkins, and Jonathan Rapping, Washington, DC, filed a brief for the Public Defender Service, amicus curiae.

Before WAGNER, Chief Judge, SCHWELB, Associate Judge, and BELSON, Senior Judge.

ON PETITION FOR REHEARING
EN BANC

PER CURIAM:

On March 11, 1999, this court issued its opinion affirming Nixon's conviction and holding, *inter alia,* that the admission of Dr. Mary Ann Dutton's testimony regarding Battered Woman's Syndrome (BWS) was not plain error. *Nixon v. United States,* 728 A.2d 582 (D.C.1999) (*Nixon I* ). Counsel for Nixon has filed a petition for rehearing en banc in which he has reiterated most of the arguments made before the division, including the claim that BWS "is perhaps the greatest fraud perpetrated in the American court system." We adhere to the views expressed in *Nixon I.*

The Public Defender Service (PDS) has filed an unopposed motion for leave to submit a brief as *amicus curiae* "in support of rehearing or rehearing en banc," as

well as a lodged brief. By order of this date, the en banc court has granted PDS' motion.

In its *amicus* brief, PDS does not disagree with our holding that expert testimony regarding BWS may properly be received in evidence. PDS argues, however, that Dr. Dutton was permitted to testify, *inter alia*, regarding "common patterns of battering," and thereby to construct a "batterer's profile"; that the prosecutor used this testimony in his closing argument to depict Nixon as a batterer; and that the judge erred by not confining Dr. Dutton's testimony and the prosecutor's closing argument to the subject of the victim's conduct, and by receiving testimony and permitting argument regarding the conduct of the alleged batterer.[1] Although Nixon claimed both in the trial court and on appeal that expert evidence as to BWS should have been excluded in its entirety, he has never raised any issue as to the permissible scope of Dr. Dutton's testimony once his basic objection to any such evidence was overruled. PDS focuses its attack on the prosecutor's closing argument, but no claim regarding the proper scope of prosecutorial argument was presented by Nixon at trial, in his initial appeal to the division, or in his petition for rehearing en banc,[2] and the issue was not addressed by the division in *Nixon I*.

In general, appellate courts will not entertain claims which are presented for the first time in a petition for rehearing. *See, e.g., United States v. Smith,* 781 F.2d 184, 185 (10th Cir.1986); *Marion Steam Shovel Co. v. Bertino,* 82 F.2d 945, 948 (8th Cir.), *cert. denied,* 299 U.S. 556, 57 S.Ct. 17, 81 L.Ed. 409 (1936). Moreover, in the absence of exceptional circum-

stances, we will not consider questions raised by an *amicus* but not addressed by the parties. *See, e.g., Khiem v. United States,* 612 A.2d 160, 164 n. 6 (D.C.1992), *cert. denied,* 507 U.S. 924, 113 S.Ct. 1293, 122 L.Ed.2d 684 (1993). Accordingly, and without deciding the merits of PDS's contentions, the division declines to rehear the case.

*So ordered.*

---

1. As noted in *Nixon I, supra,* 728 A.2d at 593, Dr. Dutton made it clear that she knew nothing about the specifics of the case on trial and could not opine whether Nixon was a batterer.

2. Nixon did assert in his brief on appeal, though not in his petition for rehearing, that as a result of the allegedly erroneous admission of Dr. Dutton's testimony, the prosecutor

was able to use that testimony in closing argument as "propensity" evidence. At no time has Nixon asserted "with sufficient precision to indicate distinctly the party's thesis," *Hunter v. United States,* 606 A.2d 139, 144 (D.C.), *cert. denied,* 506 U.S. 991, 113 S.Ct. 509, 121 L.Ed.2d 444 (1992) (citation omitted), or indeed at all, the claim now being presented by PDS on rehearing.