**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Santos MORALES–MACIAS,**
**Defendant–Appellant.**

**No. 87–2192.**

United States Court of Appeals,
Tenth Circuit.

Aug. 31, 1988.

William D. Fry, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

William L. Lutz, U.S. Atty., David N. Williams, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

Before ANDERSON, Circuit Judge, BARRETT, Senior Circuit Judge, and DUMBAULD *, Senior District Judge.

DUMBAULD, Senior District Judge.

Appellant Santos Morales–Macias was convicted pursuant to a jury verdict on two counts of transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(B) [1] supplemented by the aiding and abetting provision of 18 U.S.C. § 2. He was sentenced [2] to two years on Count I, and one year concurrently on Count II. Appellant contends that an out-of-court statement was erroneously admitted at trial in violation of Rule 802 [3] of the Federal Rules of Evidence and of the confrontation clause of the Sixth Amendment. [4] We affirm.

■ Appellant and his wife (she was driving, he was in the front passenger seat) were transporting two men in the back seat of her 1973 Plymouth from El Paso, Texas, en route to Albuquerque, New Mexico, when they were stopped at a checkpoint near Las Cruces, New Mexico. [5] Appellant then and there admitted to border patrol agent Dale Morrison that he knew the men were illegal aliens and that he was giving them a ride to Albuquerque, New Mexico. [6]

The men in the back seat were later identified as Juan Esequiel Almeda–Chavirra and his nephew Jose Maria Ortiz–Almeda. [7] Both were citizens of Mexico. [8]

■ Illegal passenger No. 1 (the uncle) was a witness for the government. According to his testimony he was a Mexican national from Chihuahua, Mexico, and decided to visit a relative in Albuquerque, New Mexico. At Juarez, Mexico, he attempted to obtain a travel permit at the United States consulate there, but it was closed. He then telephoned his brother Oscar in Albuquerque to find "a person who could take us." His brother instruct-

---

* The Honorable Edward Dumbauld, Senior District Judge of the Western District of Pennsylvania, sitting by designation.

1. It is there enacted that:
   Any person who—
   
   \* \* \* \* \* \*
   
   (B) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law;
   
   \* \* \* \* \* \*
   
   shall be fined in accordance with Title 18, imprisoned not more than five years, or both, for each alien in respect to whom any violation of this subsection occurs.

2. The trial judge was the Honorable Juan G. Burciaga.

3. Rule 802 reads:
   Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

4. The Sixth Amendment provides:
   In all criminal prosecutions, the accused shall enjoy the right to a speedy trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

5. Trial Transcript (hereinafter cited as Tr.) 67, 109. Appellant's wife was a co-defendant but her conviction is not attacked in the present appeal.

6. Tr. 76–77. In view of this confession by appellant, his contention on appeal (even if meritorious) could not amount to anything more than harmless error under *Chapman v. California,* 386 U.S. 18, 23–24, 87 S.Ct. 824, 827–828, 17 L.Ed.2d 705 (1967). Whether the transportation provided by appellant was gratuitous or for pay is immaterial under 8 U.S.C. § 1324(a)(1)(B). See note 1, *supra.*

7. The names of the passengers unlawfully transported are spelled differently (perhaps because they are foreign names) in the briefs of appellant and appellee. Though recognizing that court reporters are not infallible, we follow the spelling found in the District Court record (Tr. 30, 47), and shall refer to them merely as illegal passenger No. 1 and No. 2, or as uncle or nephew, respectively.

8. Tr. 30, 47.

ed him to go to a bar[9] in El Paso, Texas to meet a man who for $500 would take him and his nephew to Albuquerque.[10] Accordingly the two Mexicans crossed the river and "sneaked in" to the United States illegally.[11] At the El Retiro bar the uncle met appellant and his wife. He paid $50 to appellant and his wife at the bar, and proceeded with them and his nephew in the automobile en route for Albuquerque until stopped at the checkpoint.[12]

On cross-examination appellant's counsel undertook to show that the witness (the uncle) had no personal knowledge of the conversations between his brother Oscar and the appellant other than what Oscar told him. The response of the witness, when finally given (and which the trial court refused to strike) was: "He told us that there was a person who wanted us to pay him two hundred dollars a piece."[13] As previously mentioned, appellant's guilt is plainly established by his own confession,[14] and if the statement was erroneously received the error was harmless. It was irrelevant to the issue of appellant's guilt or innocence, even if it were received for its truth and believed by the jury.[15]

It is an elementary rule of the law of evidence (and carried forward in Rule 801(c) F.R.E.) that to constitute hearsay subject to exclusion an out-of-court statement must be "offered in evidence to prove the truth of the matter asserted."

But, quite apart from its irrelevance to the issue of guilt or innocence, the background testimony of illegal passenger No. 1 relating to his conversations with his brother Oscar was clearly of the same sort as the routine testimony of police officers in personal injury cases that "acting upon information received, I proceeded to milepost 257 and observed two damaged automobiles in contact with each other." The telephone call to police headquarters is merely the circumstance that triggers the officer's investigative activity. It is not offered for the truth of its contents. It does not prove the occurrence of the collision on the highway; it might have been a prankster's joke, but it set in motion the chain of events which led to the officer's observation of the scene of the collision.

Similarly, whatever discussion appellant had with the uncle's brother regarding the terms upon which appellant was willing to transport the illegal alien passengers to Albuquerque was simply a preliminary circumstance explaining why the uncle went to the El Retiro tavern and there met appellant and *rode in the Plymouth until* stopped at the checkpoint.

The uncle's statement (elicited by appellant's counsel on cross-examination) was thus not hearsay, and there was no error in the District Judge's ruling that it should not be excluded as hearsay. There was no violation of Rule 802.

█ Likewise there is no merit in appellant's contention that receipt of the statement violated the Sixth Amendment. As explained in *Bourjaily v. U.S.*, — U.S. ——, 107 S.Ct. 2775, 2782, 97 L.Ed.2d 144 (1987), the hearsay rules and the confrontation clause stem from the same roots and are designed to protect similar values; and hence statements found to be admissible under the rules of evidence are also *per se* unobjectionable under the confrontation clause. No additional analysis is required

---

9. Apparently the El Retiro bar (although various spellings of this name appear).

10. Tr. 31–32.

11. Tr. 33, 46, 56.

12. Tr. 35–36. Apparently appellant received the money. Though the uncle said "I gave them fifty dollars" (Tr. 34), he later said "No, not to the lady" (Tr. 43). Apparently Oscar met the illegal passengers at the bar, but did not ride with them. Tr. 40, 46. The testimony is somewhat confusing. See also testimony of the nephew. Tr. 50–51.

13. Tr. 38–39. The testimony was given in Spanish through an interpreter.

14. See note 6, *supra*. It is also significant that appellant called no defense witnesses but rested at the close of the government's case. Tr. 89.

15. As appellant concedes (Brief, p. 7) issues concerning admission or exclusion of evidence are reviewable under the abuse of discretion standard. We find no abuse of discretion or fundamental error of law affecting the justice of appellant's conviction.

to hold that reception of the challenged statement is in conformity with the Sixth Amendment once we have determined, as has been done hereinabove, that it is not excludable as hearsay under the rules of evidence.

For the foregoing reasons, the judgment of the District Court is

AFFIRMED.