UNITED STATES of America

v.

**Eldon R. HEAD, Defendant.**

No. CR–89–157C.

United States District Court, W.D. New York.

June 28, 1990.

Dennis C. Vacco, U.S. Atty. (Thomas S. Duszkiewicz, Asst. U.S. Atty., of counsel), Buffalo, N.Y., for U.S.

Lipsitz, Green, Fahringer, Roll, Schuller & James (Herbert L. Greenman, of counsel), Buffalo, N.Y., for defendant.

CURTIN, District Judge.

In an order dated March 23, 1990, the court granted the motions to suppress

brought by codefendants Archibald MacKenzie and Eldon Head. *See United States v. MacKenzie*, 733 F.Supp. 585 (W.D.N.Y.1990). The government has now moved for reconsideration of that decision with regard to Head's motion, arguing that Head did not demonstrate that he had a legitimate expectation of privacy in the area where the cocaine was found. *See* Item 20. The defendant asserts that the government waived the chance to raise this argument by failing to make it prior to the court's March 23 order, and that, in any event, he did have a reasonable expectation of privacy that was violated by the actions of the government agents. *See* Item 21. *See also* Items 22–25.

In the memorandum that it filed after the suppression hearing held on October 31, 1989, the government raised three arguments in support of its position. First, the government argued that the customs inspectors were entitled to conduct the search of the vehicle that occurred near the North Grand Island Bridge because that search was merely, according to the government, a "secondary inspection." Item 12 at 5–6. Second, the government claimed that, in any event, that search was supported by reasonable suspicion. *Id.* at 6–7. And third, the government asserted that the search at the Burger King parking lot, which resulted in the seizure of the cocaine, was constitutionally permissible because the agents reasonably suspected that MacKenzie was an excludable alien, and, after approaching the defendants for the purpose of questioning MacKenzie,[1] saw the cocaine in plain view. *Id.* at 7–8. At oral argument on January 19, 1990, the government raised the issue of Head's "standing" to contest the search that occurred near the North Grand Island Bridge, *see* Transcript at 28, but it never contested, either in its memorandum or at oral argument, Head's "standing" to challenge the search at the Burger King parking lot.[2]

The government now asserts that it was not required to raise previously the issue of whether the defendant had a legitimate expectation of privacy that was violated when the law-enforcement agents seized the cocaine from MacKenzie's car, insisting that it was the defendant's burden to assert and to establish that he had a legitimate expectation of privacy that was violated.

To be sure, the defendant bore the burden of establishing a violation of his fourth-amendment rights. *See, e.g., Rawlings v. Kentucky*, 448 U.S. 98, 104–05, 100 S.Ct. 2556, 2561–62, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois*, 439 U.S. 128, 131 n. 1, 99 S.Ct. 421, 424 n. 1, 58 L.Ed.2d 387 (1978); *United States v. Paulino*, 850 F.2d 93, 96 (2d Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1967, 104 L.Ed.2d 435 (1989). He did not, however, have a burden to alert the government to every conceivable argument that it could have raised in response to his motion.

The government's present constitutional argument may well have merit. But the fact remains that it was not raised before, and it would be exceptionally unfair to the defendant to allow the government, with the benefit of hindsight after having lost based on its original arguments, to use a motion for reconsideration to raise a new argument that should have been raised in the first instance. *See Steagald v. United States*, 451 U.S. 204, 209, 101 S.Ct. 1642, 1646, 68 L.Ed.2d 38 (1981) (government may lose its right to assert that a defendant lacked a reasonable expectation of privacy when it fails to raise the issue "in a timely fashion during the litigation"); FED.R.CRIM.P. 12(f) ("Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, *at the time set by the court* pursuant to [Rule 12(c)] ... shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.") (emphasis

---

**1.** According to the testimony at the suppression hearing, the agents converged on the car in the Burger King parking lot in order to arrest MacKenzie and to determine whether Head was also excludable. *See* 733 F.Supp. at 587.

**2.** The Supreme Court dispensed with the rubric of "standing" in *Rakas v. Illinois*, 439 U.S. 128, 132–40, 99 S.Ct. 421, 424–29, 58 L.Ed.2d 387 (1978). *See also Rawlings v. Kentucky*, 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980).

added),[3] and the notes of the Advisory Committee regarding the 1974 amendment of the rule ("The amendment makes clear that the defendant and, where appropriate, the government have an obligation to raise the issue *at the motion date set by the judge* pursuant to [Rule 12(c) ].") (emphasis added). This is particularly true when the new argument is, quite frankly, as basic as that proffered by the government in support of its present motion.

The government's motion for reconsideration is denied.

So ordered.

---

3. Other than its claim that the defendant had the burden to assert and to establish that he had a legitimate expectation of privacy that was violated, the government has not offered any reason for its failure to raise the issue previously.