**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Alejandro Garcia IBARRA,
Defendant–Appellee.**

No. 90–8018.

United States Court of Appeals,
Tenth Circuit.

Dec. 3, 1990.

David Kubichek, Asst. U.S. Atty. (Richard A. Stacy, U.S. Atty., and Lisa E. Leschuck, Asst. U.S. Atty., on the briefs), D. Wyo., for plaintiff-appellant.

Stephen M. Kissinger, Cheyenne, Wyo., for defendant-appellee.

Before McKAY and BALDOCK, Circuit Judges, and KANE,[1] District Judge.

1. Honorable John L. Kane, Jr., Senior United States District Judge for the District of Colorado, sitting by designation.

McKAY, Circuit Judge.

This appeal arises from an order of the district court suppressing certain evidence. The district court found that a search of the defendant's vehicle by law enforcement officials violated the defendant's rights under the fourth amendment of the United States Constitution. The United States has appealed. It asserts that the search of the vehicle was pursuant to a valid consent and that, in any event, the evidence should not be excluded under the doctrine of inevitable discovery announced in *Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). The defendant contests the merits of the government's claims. In addition, he questions the jurisdiction of this court to hear the appeal; the defendant argues that the notice of appeal is untimely under Rule 4(b) of the Federal Rules of Appellate Procedure. We hold that the government's appeal of the district court's order was untimely filed and therefore do not reach the merits of the government's claims.

I.

On March 24, 1989, the defendant, Alejandro Garcia Ibarra, was stopped by Wyoming Highway Patrolman Scott Mahaffey while traveling eastward on Interstate 80. The patrolman issued the defendant a warning notice for failing to signal when passing. Patrolman Mahaffey then ran a check on the defendant's license and discovered that it had been suspended. He issued the defendant a citation for operating a motor vehicle with a suspended license.

Along with a second patrolman who arrived on the scene, Patrolman Mahaffey then obtained permission to search defendant's car, including the trunk. The search revealed no incriminating evidence. Without consulting the defendant, the patrolman called a private towing service to tow the defendant's vehicle into a nearby city after discovering that the defendant's sole passenger did not have a valid driver's license. Patrolman Mahaffey informed the defendant that he would need to find a

licensed driver before the vehicle would be released. The patrolmen then transported the defendant and his passenger to a Western Union station.

Afterward, the patrolmen drove to where the defendant's vehicle was impounded and conducted a second search for contraband. They discovered a brick-shaped container wrapped with tape underneath the spare tire in the trunk. A cut in the container revealed a white powdery substance. The defendant was later indicted on one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) (1988).

On May 10, 1989, the defendant moved to suppress the evidence obtained in the search of the impounded vehicle as well as a statement he made shortly after his arrest. The defendant argued that the law enforcement officer's stop of his vehicle was pretextual, that his consent to search the vehicle was made under duress, that he withdrew the consent before the second search of the impounded vehicle, and that the second search was not made pursuant to a lawful inventory search. The government responded that the patrolman stopped the defendant for a lawful purpose. In addition, it argued that the second search was conducted pursuant to the defendant's continuous consent. It finally argued that the evidence would have been inevitably discovered once Patrolman Mahaffey conducted a previously planned inventory search.

In response to a memorandum of authority submitted on behalf of the defendant, however, the government rescinded its argument relating to the defendant's continuous consent to the search. The government stated: "Contrary to its prior-stated position, the United States no longer argues that the second search of the Defendant's vehicle is supportable on the basis of continuing consent. Additional research has failed to provide legal support for this position, and the argument is conceded." United States' Supplemental Memorandum in Support of Proposed Findings of Fact and Conclusions of Law at 1.

On November 15, 1989, after conducting an evidentiary hearing, the district court granted the defendant's motion to suppress. *United States v. Ibarra*, 725 F.Supp. 1195 (D.Wyo.1989). In its order, the district court noted the government's concession that the second search was not conducted pursuant to a continuing consent. *Id.* at 1199–1200.

On December 13, 1989, the government filed with the district court a motion entitled "Motion for Reconsideration of Suppression Order." The sole basis of the government's request for reconsideration was its previously conceded argument that the second search of the vehicle was valid under a continuing consent theory. On January 3, 1990, the district court denied the motion for reconsideration. *United States v. Ibarra*, 731 F.Supp. 1037 (D.Wyo. 1990). Before addressing the merits of the government's claim, the district court noted that no evidence was presented on this issue at the evidentiary hearing. The court then determined that the government was asking it to decide a new issue for which no record was developed. In a footnote, the district court further stated:

> Whether the motion is in fact one for reconsideration is relevant for purposes of appeal in this case. A motion for reconsideration in a criminal case tolls the 30 days in which the government may file its notice of appeal, provided such a motion is in fact one for reconsideration and filed within the 30–day period.

*Id.* at 1039 n. 2. On January 30, 1990, the government filed a notice of appeal in the district court.

II.

■ As a threshold matter, the defendant argues that the government's notice of appeal in the district court was untimely. A timely filing of a notice of appeal is required to vest this court with jurisdiction. *United States v. Martinez*, 681 F.2d 1248, 1254 (10th Cir.1982).

Under Federal Rule of Appellate Procedure 4(b) and 18 U.S.C. § 3731, the government in a criminal case must file a notice of

appeal of an order suppressing or excluding evidence within thirty days of the entry of the order.[2] Here, the district court granted the defendant's motion to suppress on November 15, 1989. The government then filed its motion for reconsideration on December 13, 1989, which the district court denied on January 3, 1990. On January 30, 1990, seventy-six days after the district court entered the original order suppressing the evidence, the government filed its notice of appeal in the district court. The notice of appeal was therefore filed more than thirty days after the district court's order granting the defendant's motion to suppress.

The government directs our attention to the Supreme Court's decisions in *United States v. Healy,* 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964), and *United States v. Dieter,* 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976), however, and argues that the submission of its motion for reconsideration tolled the relevant time period to appeal. Because its notice of appeal was filed within thirty days of the district court's denial of its motion for reconsideration, the government contends, the appeal is timely and this court is therefore vested with jurisdiction.

In *Healy,* the Court held that the filing of a timely petition for rehearing in the district court tolled the thirty-day period then authorized by statute to seek direct review in the Supreme Court. The thirty-day limitations period runs from the time of the denial of the motion for rehearing, rather than from the time of the order itself. The Court reasoned that the rule serves two important functions. First, the ability of the district court to correct alleged errors may shorten the process of litigation. Second, it avoids the unnecessary expenditure of resources in the appellate court. *Healy,* 376 U.S. at 80, 84 S.Ct. at 556. In *Dieter,* the Supreme Court extended the holding in *Healy* to appeals taken to the courts of appeals pursuant to 18 U.S.C. § 3731. The Court explained that "plenary consideration of an issue by an appellate court ordinarily requires more time than is required for disposition by a trial court of a petition for rehearing. The fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors...." *Dieter,* 429 U.S. at 8, 97 S.Ct. at 19 (citation omitted).

The rule announced in *Dieter* and *Healy,* however, is not absolute. In *United States v. Marsh,* 700 F.2d 1322 (10th Cir.1983), this circuit held that a motion for reconsideration of a trial court's order denying a new trial did not toll the time period in which to file a notice of appeal. There, the court focused on the defendant's evident effort to raise the same issue on consecutive occasions. It noted that, if successive motions were to toll the time to appeal, one party could theoretically postpone the appeal indefinitely. The court in *Marsh* also found it very unlikely that a redundant motion for reconsideration would succeed. The second motion instead serves only to give the movant extra time to prepare an appeal. *Accord United States v. Rothseiden,* 680 F.2d 96, 98 (11th Cir.1982).

■ The question now before us is whether the filing of a motion for reconsideration that raises only a previously conceded argument tolls the time for filing a notice of appeal. The defendant argues that because the purpose and effect of the

**2.** Federal Rule of Appellate Procedure 4(b) provides in relevant part:

> When an appeal by the government is authorized by statute, the notice of appeal shall be filed in the district court within 30 days after the entry of (i) the judgment or order appealed from or (ii) a notice of appeal by any defendant. A judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket.

Fed.R.App.P. 4(b). Statutory authorization for this appeal is found in section 3731. That provision reads in part:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts [sic] suppressing or excluding evidence....
>
> The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

18 U.S.C. § 3731 (1988).

government's motion for reconsideration was not that of the motion for rehearing recognized in *Dieter*, the motion did not toll the time period for filing a notice of appeal. We agree. In our opinion, such a motion does not substantially further the goal of allowing the district court an opportunity to reconsider a point that may have been overlooked in the initial decision.[3] A concession of an issue is generally treated as binding on that party. *See United States v. Maez*, 872 F.2d 1444, 1457 n. 18 (10th Cir.1989); *United States v. Morales-Macias*, 855 F.2d 693, 695 n. 15 (10th Cir.1988). Moreover, this circuit has not looked favorably on attempts by the government to raise issues it had previously conceded. *See United States v. Smith*, 781 F.2d 184 (10th Cir.1986).[4] A motion for reconsideration of a previously conceded issue, therefore, is analogous to the successive motions for reconsideration of the same issue analyzed in *Marsh*. Generally, such a motion has very little likelihood of success and merely serves to prolong the process of litigation. We believe that a rule allowing

a motion for reconsideration that raises only previously conceded issues to toll the time for filing a notice of appeal would subvert, rather than further, the concern for judicial economy.

Here, the government initially raised the issue of continuous consent in a memorandum before the trial court. However, in a subsequent brief filed prior to the evidentiary hearing, it conceded that there was no authority supporting its position and expressly retracted the argument. After the district court granted the defendant's motion to suppress the evidence, however, the government attempted to revive the issue in its motion for reconsideration. Unlike the situation in *Healy* and *Dieter*, the motion here did not request that the district court correct an alleged error of law or set aside a ruling on the grounds of mistake or inadvertence.[5] Nor did the government in its motion cite contrary authority announced after it conceded the continuing consent issue, sparing the parties and the appellate court the burden of unnecessary

---

**3.** The dissent concludes that our holding conflicts with *Dieter* because, under our analysis, we must reach the merits of a movant's claim to determine jurisdiction. Dissent Op. at 709–710. In our opinion, however, we do not engage in a merit-based analysis. Although a motion for reconsideration is not specifically contemplated in the Federal Rules of Civil Procedure, it has been described as follows:

The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Above the Belt, Inc. v. Mel Bohannan Roofing Co.*, 99 F.R.D. 99, 101 (E.D.Va.1983). That statement's counterpart is contained in Fed.R.App.P. 40(a), which requires every petition for rehearing before a Court of Appeals to "state with particularity the points of law or fact which in the opinion of the petitioner the court has overlooked or misapprehended...." In determining that a motion to reconsider a previously conceded issue does not toll the time to appeal, we determine only that the motion is not what it purports to be: it does not ask the court to reconsider a point of law or fact that it misapprehended or overlooked. The motion therefore does not have the jurisdictional effect of a

proper motion for reconsideration, regardless of its merits.

Nor does this decision, in our opinion, conflict with the Supreme Court's decision in *Dieter*. To the contrary, the Court in *Dieter* recognized that although the motion before it was not captioned a "petition for rehearing," an examination of its substance demonstrated that was in effect the motion's purpose. *Dieter*, 429 U.S. at 8–9, 97 S.Ct. at 19. Similarly, the Court in *Dep't of Banking v. Pink*, 317 U.S. 264, 63 S.Ct. 233, 87 L.Ed. 254 (1942), looked beyond the caption of the motion to determine its substance. We engage in the same inquiry here.

**4.** In *Smith*, the court refused to permit the government to raise an issue in a petition for rehearing before the appellate court that it had previously conceded. The court reasoned that to allow a party to make such a belated and dramatic shift in position on petition for rehearing would permit piecemeal litigation. *Id.*

**5.** The government notes that the district court cited *United States v. Recalde*, 761 F.2d 1448 (10th Cir.1985), in support of the government's concession of the issue of continuing consent. It argues that its motion asked the district court to reconsider the court's citation to *Recalde*. Because the government had abandoned the theory of continuing consent, however, any correction regarding the citation would not have affected the outcome of the district court's order.

appellate proceedings. *See United States v. Cardall,* 773 F.2d 1128 (10th Cir.1985) (second motion raising issue that had been addressed by the Supreme Court after district court denied first motion tolled time for filing appeal).[6] The motion submitted by the government, therefore, did not ask "the District Court to 'reconsider [a] question decided in the case' in order to effect an 'alteration of the rights adjudicated.'" *Dieter,* 429 U.S. at 9, 97 S.Ct. at 20 (quoting *Department of Banking v. Pink,* 317 U.S. 264, 266, 63 S.Ct. 233, 234, 87 L.Ed. 254 (1942)).

The government nevertheless argues that its motion need only request reconsideration of the ultimate issue—the district court's holding on the suppression of the evidence—to toll the time limit for filing a notice of appeal.[7] That the legal theory on which the government based its motion had been previously conceded, the government contends, is of no practical importance. We disagree. This court has previously looked to the substance of successive motions for reconsideration to determine whether the second motion tolled the statutory period in which a notice of appeal must be filed. *Compare Cardall,* 773 F.2d at 1128 (second motion effectively raised new issue before district court) *with Marsh,* 700 F.2d at 1322 (redundant motion for reconsideration does not toll time for

filing notice of appeal). We believe the same considerations should determine whether an initial motion for reconsideration tolls the time for filing a notice of appeal.

Because the government's motion for reconsideration did not toll the thirty-day statutory time period in which to file a notice of appeal, the government's notice was untimely filed. This court therefore lacks jurisdiction to review the district court's order. The appeal is DISMISSED.

BALDOCK, Circuit Judge, dissenting.

The court holds that the government's otherwise timely filed motion for reconsideration did not toll the thirty-day statutory time period in which to take an appeal because the government sought reconsideration of a previously conceded issue. Ct.Op. at 707. This holding is plainly contrary to *United States v. Dieter,* 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976), in which the Supreme Court rejected the Tenth Circuit's attempt to craft distinctions (based upon the merits of the motion for reconsideration)[1] on the general rule that the government has thirty days from the district court's denial of a timely filed motion for reconsideration to appeal an order granting suppression under 18 U.S.C. § 3731 and Fed.R.App.P. 4(b). In *Dieter,*

---

**6.** The court in *Cardall* limited the holding to the facts before it. The court also noted the procedure followed in *Garcia v. Regents of the University of California,* 737 F.2d 889 (10th Cir. 1984). There, the appellant first filed a notice of appeal within the thirty-day period. The appellant then moved the appellate court for a partial remand so that the district court could consider a motion for new trial.

**7.** Though not cited by the government, the Eleventh Circuit adopted similar rationale in holding that a motion for reconsideration that raised a new issue tolled the time to appeal. *See United States v. Ladson,* 774 F.2d 436, 438–39 n. 3 (11th Cir.1985). We do not consider the effect of such a motion here; we limit our consideration to where a party concedes an issue already raised, invoking the reliance of the court and opposition. Nor do we reach the appropriate scope of arguments in a motion for reconsideration filed in the district court. We note, however, that this circuit has held that "[p]etitions for rehearing under Fed.R.App.P. 40(a) are permitted to enable parties to notify, and to correct, errors of fact or law on the issues already

presented; they are not meant to permit parties to assert new grounds for relief." *Sierra Club v. Hodel,* 848 F.2d 1068, 1100–01 (10th Cir.1988). *See also United States v. Head,* 737 F.Supp. 1287, 1288 (W.D.N.Y.1990) ("The government's present constitutional argument may well have merit. But the fact remains that it was not raised before, and it would be exceptionally unfair to the defendant to allow the government, with the benefit of hindsight after having lost based on its original arguments, to use a motion for reconsideration to raise a new argument that should have been raised in the first instance.")

**1.** In *Dieter,* the motion for reconsideration was termed a "petition for rehearing." *See United States v. Lefler,* 880 F.2d 233, 234 n. 2 (9th Cir.1989) (noting name of pleading is not controlling, what matters is that the pleading seeks the district court to reconsider its previous order); *accord United States v. Kalinowski,* 890 F.2d 878, 880–81 (7th Cir.1989).

this court erroneously concluded that a motion for reconsideration did not toll the time in which to appeal a suppression order because the government sought reconsideration on the grounds of mistake and inadvertence rather that an alleged legal error committed by the trial court. 429 U.S. at 8, 97 S.Ct. at 19.

Here, the court is undertaking a merits inquiry on what should be a straightforward jurisdictional inquiry. The clear import of *Dieter* is that we do not conduct a merits review of every motion for reconsideration to insure that it meets the salutary purposes of the rule which provides for tolling the time in which to take an appeal. The rule in *Dieter* and its predecessor, *United States v. Healy*, 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964), expressly recognized that "the consistent practice in civil and criminal cases alike has been to treat timely" motions for reconsideration "as rendering the original judgment nonfinal for purposes of appeal for as long as the [motion] is pending." *Dieter*, 429 U.S. at 8, 97 S.Ct. at 19 (citing *Healy*, 376 U.S. at 78–79, 84 S.Ct. at 555–56); *see also Forman v. United States*, 361 U.S. 416, 425–26, 80 S.Ct. 481, 486–87, 4 L.Ed.2d 412 (1960). In the civil context, we do not scrutinize the grounds of motions for reconsideration under Fed.R.Civ.P. 59(e) to insure that tolling is appropriate, rather we merely apply the Supreme Court's directive in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59–60, 103 S.Ct. 400, 402–03, 74 L.Ed.2d 225 (1982) and Fed.R.App.P. 4(a)(4) which provide that a timely filed Rule 59(e) motion tolls the time in which to take an appeal.

The court claims that rather than making a merits inquiry, it "determine[s] only that the motion is not what it purports to be: it does not ask the court to reconsider a point of law or fact that it misapprehended or overlooked." Ct.Op. at 706 n. 3. Belying this assertion is the court's discussion of the merits which all but decides that once an issue is conceded, it cannot be resurrected. *Id.* at 706. Claiming to be consistent with *Dieter* and *Pink*, the court then allows that it merely is "look[ing] beyond the caption of the motion to determine [the motion's] substance." *Id.* at 706 n. 3. No need exists in this case to look beyond the caption to determine the function of this motion: the government filed a "Motion for Reconsideration of Suppression Order."[2] By " 'traditional and virtually unquestioned practice,' " this post-suppression order suspended the time in which to file an appeal, *see Dieter*, 429 U.S. at 8 n. 3, 97 S.Ct. at 19 n. 3 (quoting *Healy*, 376 U.S. at 79, 84 S.Ct. at 556). Under *Dieter, Healy* and *Pink*, the movant only need claim that the district court's decision was somehow incorrect and that the order should be altered. *See Dieter*, 429 U.S. at 8, 97 S.Ct. at 19; *Healy*, 376 U.S. at 80, 84 S.Ct. at 556; *Pink*, 317 U.S. at 266, 63 S.Ct. at 234. Only when the motion is filed in bad faith might the court's approach be justified.[3] Though the government's motion for reconsideration appears meritless, no showing of bad faith has been made in this complex, multi-issue suppression case.

In the criminal context, "for a motion for reconsideration to extend the time for appeal, (1) the motion for reconsideration must be filed within the period during which an appeal could have been noticed from the original order, and (2) the notice of appeal must be filed within the required period following the order on the motion for reconsideration." *United States v. Lefler*, 880 F.2d 233, 234 (9th Cir.1989).

---

2. In *Dieter*, the Court construed a "Motion to Set Aside Order of Dismissal" as a petition for rehearing. *Dieter*, 429 U.S. at 7–8, 97 S.Ct. at 18–19. In *Pink*, the Court construed a motion seeking to have the New York Court of Appeals "amend its remittitur by adding to it" an additional statement. 317 U.S. at 266, 63 S.Ct. at 234.

3. In *Healy*, the Court discussed a requirement of good faith.

In this case, the record and legal issues plainly indicate the good faith of the Government in petitioning for rehearing. We would, of course, not countenance the United States' using such petitions simply as a delaying tactic in criminal litigation; there is, however, not the slightest basis for believing that it would try to do so.
376 U.S. at 80 n. 4, 84 S.Ct. at 556 n. 4.

These requirements plainly are met in this case.[4]

No good reason exists to disregard the consistent rule in civil and criminal cases that a single motion for reconsideration of a district court's order tolls the time for filing a notice of appeal.[5] This court relies on cases involving *successive* motions for reconsideration which are factually inapposite. One of those cases, *United States v. Cardall*, 773 F.2d 1128 (10th Cir.1985), determined that the government's *second* motion for reconsideration tolled the time in which to take an appeal after analyzing the grounds of that second motion. *Id.* at 1130. The *Cardall* court implicitly recognized that, under *Dieter*, the first motion for reconsideration tolled the time in which to file a notice of appeal. *Cardall*, 773 F.2d at 1130. We have recognized that a motion for rehearing or reconsideration filed within thirty days tolls the time for the government to file a notice of appeal under Fed.R.App.P. 4(b). *United States v. Martinez*, 681 F.2d 1248, 1252–54 (10th Cir. 1982); *see also United States v. Rodriguez*, 892 F.2d 233, 235 (2d Cir.1989), *cert. denied*, — U.S. ——, 110 S.Ct. 1791, 108 L.Ed.2d 792 (1990).

Another case relied upon by the court, *United States v. Marsh*, 700 F.2d 1322 (10th Cir.1983), also applies to *successive* motions for reconsideration. In *Marsh*, we considered whether a motion for reconsideration of an order denying a new trial tolled the time in which to file a notice of appeal. We concluded that the motion for reconsideration did not toll because the motion for a new trial served an identical function, thus rendering the second motion

for reconsideration successive: "Marsh is not entitled to two bites, so to speak. [H]e is not entitled to two motions for rehearing, and that is what, in substance is sought." 700 F.2d at 1324. *Marsh* relied upon *United States v. Rothseiden*, 680 F.2d 96 (11th Cir.1982), which determined that a trial court's second denial of the government's motion for reconsideration does not toll the time in which to file a notice of appeal because "successive tolling is not allowed." *Id.* at 97; *see Marsh*, 700 F.2d at 1325–26 (discussing *Rothseiden* ); *see also* Ct.Op. at 705 (citing *Rothseiden* ). Importantly, the court in *Rothseiden*, remanded to the district court for a finding of whether the government's untimely filing was the product of excusable neglect under Fed.R. App.P. 4(b).[6]

According to the court, Ct.Op. at 707, the government's motion for reconsideration did not request "the District Court to 'reconsider [a] question decided in the case' in order to effect an 'alteration of the rights adjudicated.'" *Dieter*, 429 U.S. at 9, 97 S.Ct. at 20 (quoting *Department of Banking v. Pink*, 317 U.S. 264, 266, 63 S.Ct. 233, 234, 87 L.Ed. 254 (1942)). Not so. This is not a situation like that in *Pink* where "[t]he final judgment already rendered was not challenged; what was sought was merely the court's certification that a federal question had been presented to it for decision, and this could have no different effect on the finality of the judgment than a like amendment of the court's opinion." *Pink*, 317 U.S. at 266, 63 S.Ct. at 234. Rather, the government's motion plainly sought "alteration of the rights adjudicated" and challenged "[t]he final judg-

---

**4.** The government's motion for reconsideration was filed on December 13, 1989, twenty-eight days after the district court's November 15, 1989 suppression order, and within the applicable thirty-day period in which the government could appeal. The government's notice of appeal was filed on January 30, 1990, twenty-seven days after the district court's January 3, 1990 order denying reconsideration and again within the applicable thirty-day period in which the government could appeal. Accordingly, the government's appeal was timely.

**5.** Indeed, the harsh and administratively complicated rule adopted by the court is inconsist-

ent with our newfound charity concerning premature notices of appeal in both the civil and criminal contexts. *See Lewis v. B.F. Goodrich*, 850 F.2d 641, 643–46 (10th Cir.1988) (en banc); *United States v. Green*, 847 F.2d 622, 624–25 (10th Cir.1988) (en banc).

**6.** Given the court's decision, that option is not available here because seventy-six days passed between the district court's initial order and the government's filing of a notice of appeal. *See* Fed.R.App.P. 4(b) (allowing district court to extend the time for filing a notice of appeal in a criminal case by 30 days upon a showing of excusable neglect).

ment already rendered," *id.;* had the district court granted the motion the evidence in question would not have been suppressed.

The government claimed in its motion to have discovered new legal authority on the continuing consent issue and requested that "the evidence not [be] subject to suppression." Rec. vol. I, doc. 39 at 1, 11. To be sure, the government had conceded this issue earlier, but the government's right to appeal the suppression order (which contains many other appealable issues) should not be abrogated merely because the government exercised its right to file a motion for reconsideration on grounds obviously viewed with disfavor by this court. Notwithstanding the district court's gratuitous comments about the characterization of the motion, *see United States v. Ibarra,* 731 F.Supp. 1037, 1039 n. 2 (D.Wyo.1990), and contrary to the district court's claim that it lacked an evidentiary basis to proceed, *id.* at 1039, the district court reached the merits of the motion for reconsideration and then published its order denying same. *Id.* at 1039–41.

The approach taken by this court conflicts with the correct approach taken by the Eleventh Circuit in *United States v. Ladson,* 774 F.2d 436, 438–39 n. 3 (11th Cir.1985). *See* Ct.Op. at 707 n. 7 (discussing *Ladson* ). In *Ladson,* the defendants argued that the motion was based upon *new* grounds and consequently did not ask the district court to "reconsider" anything. Rejecting this argument, the court stated: "In fact, however, the motion did ask the court to reconsider something: its ultimate holding on the suppression issue." *Ladson,* 774 F.2d at 438 n. 3. The same request was made of the district court in this case. The *Ladson* court also rejected an approach which would condition tolling on whether the issues to be appealed had been presented in the motion for reconsideration. *Id.* at 439 n. 3. Under this approach, tolling would have been allowed only as to the one new issue raised in the motion for reconsideration, despite the presence of other appealable issues. *Id.* Rejecting this alternative, the court noted such an approach was inconsistent with *Dieter* and

stated: "We decline to introduce additional complications into the lives of would-be appellants." *Id.*

The approach taken by this court conflicts with *Dieter* because it portends an evaluation of whether the claims raised in the motion for reconsideration are new or old (valid or invalid) for jurisdictional purposes. While such inquiry may be wholly appropriate in deciding the *merits* of the appeal, it has no place in deciding our jurisdiction when the government has exercised its right to timely file a single motion for rehearing and perfects a timely appeal. The government was not required to ask the district court "to reconsider every appealable issue [or even another appealable issue], even when to do so would surely be fruitless, or lose the benefit of *Dieter."* *Ladson,* 774 F.2d at 439 n. 3. I respectfully dissent because the court has grafted a merits inquiry onto what should be a bright-line jurisdictional inquiry. I would reach the merits of this appeal.